UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IVAN GUZMAN, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>     Plaintiff,<br><br> -against-<br><br>BULLFROG PEST MANAGEMENT, INC. d/b/a AA QUALITY PEST CONTROL, and GEORGE A. ROSE, individually,<br><br>     Defendants. | **COMPLAINT**<br><br>Docket No.:<br><br>Jury Trial Demanded |

IVAN GUZMAN ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against BULLFROG PEST MANAGEMENT, INC. d/b/a AA QUALITY PEST CONTROL ("Bullfrog"), and GEORGE A. ROSE, individually, (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that the Defendants committed of Plaintiff's rights guaranteed by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 146-1.4; (iii) the NYLL's requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information, NYLL § 195(3); (iv) the NYLL's requirement that employers not make unlawful deductions from employees' earned

1

wages without written consent, NYLL § 193(3), NYCCRR § 142-2.10; (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a pest control company and its owner - - as an exterminator from January 1, 2011 through December 30, 2015. As described below, for the entirety of his employment, Defendants routinely required Plaintiff to work beyond forty hours in a workweek, but failed to compensate him at the statutorily-required overtime rate for any hours that he worked each week in excess of forty, instead paying him at random amounts of money each week. Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday, and also added prohibited reimbursed expense payments to Plaintiff's biweekly check and then unlawfully deducted taxes from those amounts, both in violation of the NYLL.

3. Defendants paid and treated all of their exterminators in the same manner.

4. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings claims under state law on behalf of himself, individually, and on behalf of all FLSA Plaintiffs who opt-into this action.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

6. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2), as one or more of the Defendants reside within this judicial district, and as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

7. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA and the NYLL.

8. At all relevant times herein, Defendant Bullfrog was and is a New York corporation with its principal place of business located at 2 Roosevelt Ave, Syosset, New York 11791.

9. At all relevant times herein, Defendant George A. Rose was and is the owner, founder, Chief Executive Officer, and day-to-day overseer of Bullfrog, who in that capacity made and makes all managerial decisions on behalf of Bullfrog, and who was and is responsible for determining all employees' rates and methods of pay and the hours that employees are required to work. Furthermore, Defendant Rose personally hired and fired Plaintiff.

10. At all relevant times herein, Defendants were both "employers" within the meaning of the FLSA and NYLL. Additionally, Defendant Bullfrog's qualifying annual business exceeded and exceeds $500,000, and Defendant Bullfrog is engaged in interstate commerce within the meaning of the FLSA as it purchased products and equipment, such as pest-killing chemicals, provided by outside vendors in the course of its business that originated in states other than New York, accepted payments in cash that naturally moved across state lines, and accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Bullfrog to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

11.   Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former exterminators, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

12.   Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

13.   At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

14.   Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty in violation of the FLSA.

## BACKGROUND FACTS

15. Defendant Bullfrog is a New York-based extermination and pest-control service company, which does business under the name AA Quality Pest Control, and which provides pest control services to commercial operations and individual homes.

16. Defendant George A. Rose directly oversees and supervises all employees of the business. In this capacity, Defendant Rose hired Plaintiff, set Plaintiff's route, determined Plaintiff's rate of pay, issued Plaintiff his paychecks, and ultimately fired Plaintiff.

17. Plaintiff worked for Defendants as an exterminator from January 1, 2011, through December 30, 2015, in which capacity Plaintiff traveled to Defendants' clients' businesses and homes to exterminate pests.

18. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, at least fifty-seven hours and thirty minutes per week, and oftentimes more.

19. By way of example only, during the week of April 20, 2015 through April 26, 2015, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule:

> Monday, April 20, 2015: 8:00 a.m. – 7:00 p.m.
> Tuesday, April 21, 2015: 8:00 a.m. – 5:00 p.m.
> Wednesday, April 22, 2015: 7:00 a.m. – 7:00 p.m.
> Thursday, April 23, 2015: 8:00 a.m. – 6:30 p.m., 8:30 p.m. – 10:00 p.m.
> Friday, April 24, 2015: 8:00 a.m. – 5:30 p.m.
> Saturday, April 25, 2015: 8:00 a.m. – 12:00 p.m.
> Sunday, April 26, 2015: Off

With the exception of Thursday, April 23, 2015, Defendants did not permit Plaintiff to take scheduled or uninterrupted breaks during his shifts. Thus, adding up the hours for this representative workweek, which was typical of Plaintiff's weekly schedule throughout his employment, Plaintiff worked fifty-seven hours and thirty minutes.

20. For each week that Plaintiff worked, Defendants paid Plaintiff with random amounts of money not based on the hours he worked. By way of example only, in the aforementioned representative workweek, Defendants paid Plaintiff $1,220, which they claimed was a portion of the profits that the Defendants earned during that week.

21. At no point throughout Plaintiff's employment, including during that representative week, did Defendants pay Plaintiff at the rate of time and one-half his regular rate of pay for any hours worked each week over forty.

22. Additionally, without Plaintiff's written consent, Defendants would add Plaintiff's reimbursed out-of-pocket expenses, such as those for equipment, pesticides, and tools that Plaintiff purchased to complete his work for Defendants, to Plaintiff's pay each week, and then take unauthorized deductions, such as state and federal taxes, from those amounts, thereby, further reducing Plaintiff's compensation.

23. Defendants paid Plaintiff by check on a weekly basis.

24. On each occasion when Defendants paid Plaintiff, Defendants intentionally failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or his straight and overtime rates of pay for all hours worked.

25. Defendants treated Plaintiff and all FLSA Plaintiffs in the manner described above.

26. Defendants acted in the manner described herein so as to maximize profits while minimizing labor costs and overhead.

27. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

28. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29. 29 U.S.C. § 206(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

30. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

31. As further described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

32. Defendants willfully violated the FLSA.

33. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

34. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL*

35. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. NYLL § 160 requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

37. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL.

38. As also described above, Plaintiff, and any FLSA Plaintiff that opts in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

39. Plaintiff, and any FLSA Plaintiff that opts in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

40. Plaintiff, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

41. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

43. As described above, the Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff that opts in to this action, with accurate wage statements containing the criteria required under the NYLL.

44. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), the Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

45. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unlawful Deductions in Violation of the NYLL and the NYCCRR*

46. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. N.Y. Lab. Law § 193 prohibits employers from making any deduction from an employees' wages without express written consent, outside of certain limited enumerated circumstances.

48. As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff, and any FLSA Plaintiff who opts-in to this action, is an employee within the meaning of the NYLL.

49. As described above, Defendants violated NYLL § 193.

50. As a result, Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, for Defendants' violations of NYLL § 193.

51. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of NYLL § 193.

## DEMAND FOR A JURY TRIAL

52. Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against the Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages

paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for the Defendants' unlawful payment practices;

  f.  Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  g.  Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

  h.  Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  i.  Pre-judgment and post-judgment interest, as provided by law; and

  j.  Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
   April 27, 2016

                Respectfully submitted,

                BORRELLI & ASSOCIATES, P.L.L.C.
                *Attorneys for Plaintiff*
                1010 Northern Boulevard, Suite 328
                Great Neck, New York 11021
                (516) 248-5550

       By: _____
          CAITLIN A. McNAUGHTON (CM 6915)
          ALEXANDER T. COLEMAN (AC 8151)
          MICHAEL J. BORRELLI (MB 8533)